Marie Cunningham  
vs. } Law No. 84725.  
Richard A. Walsh

February 20, 1932.

CHURCHILL, J. Heard on motion of defendant for a new trial after verdict for the plaintiff for $3750 in an action for negligence.

The plaintiff, a married woman, was involved in an accident with a truck of the defendant on Hartford avenue on July 25, 1930. The accident happened about 9:30 A. M. on a bright, clear day.

Hartford avenue at the point of the accident runs east and west. On the avenue there is a single car-track and at the time of the accident an electric car was standing opposite a white pole on the south side of the street.

The plaintiff left her house on Ponagansett avenue which runs into Hartford avenue from the north. When she reached Hartford avenue, she saw an inbound electric car coming down Hartford avenue going east towards Olneyville. The white post was east of the point where Ponagansett avenue runs into Hartford avenue. The conductor made a signal to the plaintiff, who then crossed Hartford avenue on an angle to board the car. The electric car had in the meantime stopped and the plaintiff, according to her testimony, went around the forward end of the car and was struck by the defendant's truck. The first that she knew of the presence of the truck, according to her testimony, was when she was knocked down by it.

The plaintiff further testified that she looked in the direction of Olneyville just before she crossed Hartford avenue and saw no vehicles coming from that direction. There is no testimony that she looked up Hartford avenue towards the west when starting to cross. The truck was going east towards Olneyville on Hartford avenue.

The testimony on behalf of the defendant was that the collision took place behind the electric car; that the truck was following the electric car and that the plaintiff ran out into Hartford avenue behind the electric car into the truck.

The driver of the truck was corroborated by the testimony of two women who were waiting for an electric car at the white post. They said that the accident happened behind the electric car and that the plaintiff ran across the street and into the truck. They were apparently disinterested but their testimony was impeached by statements made by them to the Captain of Police who investigated the accident immediately afterwards. At that time, according to the testimony of Captain Parker, both women said that the plaintiff crossed the street in front of the car and that the accident took place in that vicinity. The testimony of Captain Parker was from a record made by him at the time of the investigation.

The defendant in his turn assails the credibility of the plaintiff, particularly that part of her testimony wherein she stated that she could see the sign on the truck from where she was lying on the ground after the accident. At one point she stated that she was under the truck. The defendant argues that this is such a manifest absurdity as to render all her testimony worthless.

An examination of the record does not sustain the argument to the point to which the defendant seeks to drive it. The plaintiff testified that she did not lose consciousness; that when she was underneath the truck she saw the name on the truck; on cross-examination she stated that she was "struck on the right leg and pelvis and while I was lying there to be picked up, I seen the name on the truck and the car was on the opposite side and the car was here and the truck was there." In response to a further question as to whether she was under the truck, the witness said: "I was further out than that, my body was further out than that."

The testimony of the plaintiff on this point, taken as a whole, is not so unbelievable as to warrant the Court in saying that the jury were bound to disregard her entire story.

Taking into consideration all the testimony bearing on the question as to the place of the accident, if the scales tipped in favor of the plaintiff in the judgment of the jury, this Court cannot say that the jury were wrong.

The defendant next urges that the statute making it unlawful for an automobile to be driven by a street car opened to receive or discharge passengers is not applicable on the question of negligence for the reason that there was not sufficient testimony to show that the door of the electric car was open at that time.

Apart from the statute but at common law, it was a fair question for the jury as to whether or not the conduct of the defendant in driving his truck by a car stopped at a white post, apparently to take on or discharge passengers, and by the side of the car from which such passengers would naturally alight or get on, was a negligent act.

The defendant argues that the plaintiff, in not looking to the west before crossing the street, was negligent as a matter of law under a line of cases of which

*Jacobson* vs. *Odette*, 42 R. I. 449, and

*Beerman* vs. *Union R. R. Co.*, 24 R. I. 285, are examples.

At the time of the accident there was very little traffic on Hartford avenue. No vehicles were coming from Olneyville and the only ones on the highway, as far as the evidence disclosed, were the electric car and the truck. No exact measurements were put in by either side but it might reasonably have been found from the evidence that at the time the plaintiff went into Hartford avenue, the truck was on the right hand side of the electric car in such a position that it was obscured from plaintiff's view. If the plaintiff had looked to the west up Hartford avenue, it is not clear that the presence of the defendant's truck would have been revealed. Hence the failure to look was not such an act of carelessness as to bar recovery as a matter of law. The question of contributory negligence involved in this aspect of the case was for the jury.

Lastly, the defendant argues that as a matter of law the plaintiff cannot recover for the reason that she was guilty of contributory negligence in passing around the front end of the car taking no greater precautions than she did.

The plaintiff was not passing the front end of the car from the sidewalk into a travelled thoroughfare but was crossing into the portion of the street between a car stopped to take on passengers at a white post and the curbstone and after she had been given a signal by the operator of the electric car. Whether or not she had the right to assume that a vehicle would not be driven along that space under the circumstances prevailing was for the jury.

The verdict ($3750) is not excessive in amount. The injuries received consisted of a fractured right pelvic bone at the socket with arthritis following and some permanent disability.

The verdict is sustained by the evidence and does justice between the parties.

Motion for new trial is denied.

For plaintiff: Fergus J. McOsker.

For defendant: Boss, Shepard & McMahon.